UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WALL MOUNTAIN COMPANY, INC., )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Plaintiff, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　 )<br>　　v.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　 )<br>GARY EDWARDS,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Defendants. 　　　　　　　 )<br>_____ ) | Case No.: C 08-2579 PVT<br><br>**ORDER S**ETTING **D**EADLINES AND **C**ONTINUING **C**ASE **M**ANAGEMENT **C**ONFERENCE |

　　　　On February 10, 2009, this court issued an order that, among other things, scheduled a Case Management Conference for 2:00 p.m. on March 31, 2009 and ordered the parties to file a Joint Case Management Conference Statement no later than March 24, 2009.  On February 11, 2009, Plaintiff filed and served on Defendant a Notice of Entry of Order with a copy of the February 10, 2009 order attached.

　　　　On March 2, 2009, Plaintiff filed a Waiver of the Service of Summons executed by Defendant Gary Edwards.

　　　　On March 18, 2009, Defendant filed a document entitled "Defense to Willful Copyright Infringement in Violation of 15 USC SS501 et Seq., False Designation of Origin in Violation of 15 USC SS 1125 et Seq., Constructive Trust and Accounting."  While the document is not signed and does not include Defendant's mailing address[1] and phone number as required by Federal Rules of

---

[1] 　　Given the rule's separate mention of "e-mail address," it is clear that the first reference to "address" in the rule requires the address at which the party receives mail in paper form through the postal service.  *See* FED.R.CIV.PRO. 11(a); *see also,* Civil L.R. 3-11 (regarding a party's duty to promptly inform the court and other parties of any change of address).

ORDER, *page 1*

Civil Procedure 11, the court will deem the document filed by Defendant to be his answer to the complaint, subject to his filing a corrected signed answer containing such contact information as ordered herein.

On March 24, 2009, Plaintiff filed a Case Management Conference Statement in which it informs the court that Defendant failed to respond to Plaintiff's efforts to meet and confer to prepare the Joint Case Management Conference Statement, which the court ordered the parties to file. Plaintiff also indicated in its Case Management Conference Statement that it consents to magistrate judge jurisdiction.

Defendant did not file any Case Management Conference Statement by the court-ordered deadline to do so.  Nor did Defendant file either a "Consent to Proceed Before a United States Magistrate Judge," or a "Declination to Proceed Before a U.S. Magistrate Judge and Request for Reassignment" as required by this court's Civil Local Rule 73-1(a)(1).[2]

Based on the foregoing and the file herein,

IT IS HEREBY ORDERED that, no later than April 14, 2009, Defendant shall file a signed copy of his answer that complies with Rule 11 of the Federal Rules of Civil Procedure.  Rule 11(a) provides:

> "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number.  Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

It is important for Defendant to provide his contact information so that he will receive copies of court orders, and if necessary the court can contact him about any last minute scheduling changes.

**DEFENDANT IS CAUTIONED THAT FAILURE TO FILE A CORRECTED SIGNED ANSWER WITH HIS CURRENT CONTACT INFORMATION MAY RESULT IN HIS ANSWER BEING STRICKEN FROM THE COURT FILE, AND DEFAULT JUDGMENT BEING ENTERED AGAINST HIM.**

---

[2] For cases that are initially assigned to a magistrate judge, such as this one, Local Rule 73-1(a)(1) requires that "Parties must either file written consent to the jurisdiction of the magistrate judge, or request reassignment to a district judge, by the deadline for filing the initial case management conference statement."

1     IT IS FURTHER ORDERED that no later than March 27, 2009, Plaintiff's counsel shall serve a copy of this order on Defendant by e-mail at the e-mail address Defendant has been using to correspond with Plaintiff. After doing so, Plaintiff's counsel shall promptly file a proof of service. The court is ordering Plaintiff's counsel to serve this order on Defendant by e-mail this one time as a courtesy,[3] to give Defendant a chance to provide the court with his contact information in a corrected signed answer as ordered herein.

    IT IS FURTHER ORDERED that, no later than April 14, 2009, Defendant shall also file either a "Consent to Proceed Before a United States Magistrate Judge," or else a "Declination to Proceed Before a United States Magistrate Judge and Request for Reassignment." Both forms are available from the clerk of the court, or from the Forms (Civil) section of the court's website at www.cand.uscourts.gov.[4]

    IT IS FURTHER ORDERED that the Case Management Conference in this matter is CONTINUED to April 28, 2009 at 2:00 p.m. in Courtroom 5 of this court. The parties shall file either a Joint Case Management Conference Statement or their respective separate Case Management Conference Statements no later than April 21, 2009. The court encourages the parties to meet and confer regarding proposals for the trial and pretrial schedules and any discovery limitations.

Dated: *3/26/09*

*/s/ Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] Generally this court neither e-mails copies of its orders to parties, nor requires one party's counsel to e-mail court orders to another party.

[4] A handbook for litigants without a lawyer is also available on the court's website by clicking the link entitled "Pro Se Handbook" in the list on the right side of the home page of the court's website. A copy of the court's Civil Local Rules are also available on the court's website.

ORDER, *page 3*