UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WALL MOUNTAIN COMPANY, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GARY EDWARDS,<br><br>　　　　　Defendant. | Case No. C 08-2579 PVT<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE ANSWER AND FOR DEFAULT JUDGMENT; AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**I.　INTRODUCTION**

On June 5, 2009, Wall Mountain Company, Inc. moved to strike Defendant's answer and for entry of default judgment, or, in the alternative, summary judgment. Defendant failed to timely file any opposition or to appear at the hearing on July 14, 2009. After the hearing, on July 22, 2009, Defendant filed an document entitled "Defense Against Motion from the Plaintiff to Strike the Defendant's Answer to Allegations, Also Closing Arguments" (hereinafter "Defendant's Opposition"). Although Defendant's Opposition was untimely, the court will nonetheless consider it.[1] Based on the briefs and arguments submitted,

　　　IT IS HEREBY ORDERED that Plaintiff's Motion For Default Judgment is DENIED.

---

[1]　Courts generally are lenient regarding *pro se* litigants' compliance with the technical rules of civil procedure. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

ORDER, *page 1*

Plaintiff's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

**II.    FACTUAL BACKGROUD**

Plaintiff creates, produces, advertises, markets, distributes and sells a number of instructional welding videos. *See* Declaration of Steve Bleile in Support of Plaintiff's Motion for Default Judgment, or Alternatively, for Summary Judgment ("Bleile Dec."), ¶ 2. Specifically, Plaintiff holds valid copyrights for the DVDs titled "Arc Welding II" and "Torch Cutting." The copyrights for both DVDs are duly and properly registered with the United States Copyright Office. *See* Bleile Dec., Ex. B and D. Defendant used the eBay identification "garyco2006." *See* Declaration of Kjirstin Graham in Support of Plaintiff's Motion for Default Judgment, or Alternatively, for Summary Judgment ("Graham Dec."), Ex. B. On or about January 18, 2008, Defendant, using the account "garyco2006", sold a copy of the "Torch Cutting" DVD and a copy of the "Arc Welding II" DVD. *See* Bleile Dec., Ex. E. On or about January 18, 2008, Defendant, using the account "garyco2006", also sold two copies each of the "Torch Cutting" DVD and the "Arc Welding II" DVD. *See* Bleile Dec., Ex. F. On or about January 19, 2008, Defendant, using the account "garyco2006", again sold a copy of the "Torch Cutting" DVD and a copy of the "Arc Welding II" DVD. *See* Bleile Dec., Ex. G. On January 20, 2008, Plaintiff sent an Electronic Notice of Claimed Infringement to eBay. *See* Bleile Dec., Ex. H. On January 21, 2008, Defendant submitted to eBay a Counter Notice Regarding Removed Listing. *See* Bleile Dec., Ex. I. On February 11, 2008, eBay reinstated Defendant's items. Despite the prior notice by Plaintiff, Defendant, using the account "garyco2006", continued to sell the "Torch Cutting" DVD and the "Arc Welding II" DVD. *See* Bleile Dec., Ex. J. Defendant admits that he sold 16 of those DVDs in total. *See* Defendant's Opposition.[2]

---

[2] Defendant's Opposition refers to the "Defense Against Motion from the Plaintiff To Strike The Defendant's Answer to Allegation" filed by Defendant Gary Edwards on July 22, 2009. According to Rule 11(b)(3) of the Federal Rules of Civil Procedure, "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ... (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery". Therefore, even though Defendant's motion was not made under the penalty of perjury, the court considers it as Defendant's offer of proof.

### III. PROCEDURAL BACKGROUND

Plaintiff first discovered Defendant's auction postings of unauthorized copies of Plaintiff's DVDs on eBay around January 2008. Plaintiff filed a VeRO claim[3] with eBay to stop further sales of the DVDs. EBay removed Defendant's listing and suspended his account. In response, Defendant submitted a Counter Notice Regarding Removed Listing, where he denied Plaintiff's claims of copyright infringement, and put the DVDs in question back on sale.

On May 21, 2008, Wall Mountain Company, Inc. brought this action against Gary Edwards for willful copyright infringement in violation of 17 U.S.C. §§501, *et seq.,* and false designation of origin in violation of 15 U.S.C. §§1125, *et seq.* Plaintiff alleges that Defendant repeatedly and willfully trafficked in counterfeit copies of Plaintiff's DVDs through the on-line auction site eBay.com.

On March 18, 2009, Defendant filed a response to the complaint. On March 26, 2009, this court entered an order requiring the Defendant to comply with the procedural rules[4] and file a proper answer by April 14, 2009. Defendant failed to comply with that order, and also failed to attend the Case Management Conference on April 28, 2009. On May 1, 2009, this court issued an Order to Show Cause Why the Answer Should Not Be Stricken and a Default Judgment Issued Against Defendant on May 28, 2009. Defendant filed a response six days after the court-imposed deadline of May 22, 2009. Plaintiff then moved for entry of default and default judgment against the Defendant in its entirety or, in the alternative, summary judgment. Defendant failed to file any opposition to the motion, and failed to appear for the hearing on July 14, 2009. On July 22, 2009, Defendant filed a belated opposition to Plaintiff's motion.

### IV. LEGAL STANDARD

Under Rule 56(c), the court shall grant summary judgment if there is no genuine issue as to

---

[3] EBay Verified Rights Owners (VeRO) program protects the copyright and trademark rights of intellectual property owners of items traded on eBay. The verified owner of a brand, trademark, copyright etc. can file a claim with eBay and request removal of a listing if it believes the item offered is a fake, illegal copy or any other type of unauthorized use of their intellectual property.

[4] Response filed by the Defendant on March 18, 2009 was unsigned and lacked a mailing address, and phone number.

any material fact and if the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* FED.R.CIV.P. 56(c).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256. Rule 56(e) states that a party opposing a properly supported motion for summary judgment may not rely merely upon allegations or denials in his pleading, but must set forth specific facts showing there is a genuine issue for trial. *Id.* The court must draw all justifiable inferences in favor of the non-moving party. *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

Summary judgment is a proper way to dispose of claims of copyright infringement where there are no genuine issues as to any material facts. *See Lichfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984) cert. denied, 470 U.S. 1052 (1985).

**V.     DISCUSSION**

**A.     Plaintiff's Motion to Strike and Motion for Default Judgment**

On May 1, 2009, the court issued an order requiring the Defendant to file a declaration showing cause, if any, why his answer should not be stricken and a default judgment entered against him. Although it was filed late, Defendant did file a response. On July 22, 2009, Defendant filed an opposition against the Plaintiff's motion to strike the Defendant's answer and argued that the response was timely.

Regardless of whether the Defendant's response was tardy or timely, the Defendant

nonetheless furnished an acceptable answer in compliance with Rule 11(a). Defendant's answer included his signature, mailing address, and telephone number as required. Therefore, the court will not strike the answer. Because the court is not striking the answer, there is no basis for a default judgment.

**B.     Plaintiff's Motion for Summary Judgment**

*1.     Plaintiff has established copyright infringement*

A prima facie case of copyright infringement consists of two elements, both of which Plaintiff must prove: "(1) ownership of the copyright; and (2) infringement-that the defendant copied protected elements of the plaintiff's work. Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.' " *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

Plaintiff claims that the Defendant sold counterfeited copies of Plaintiff's copyrighted instructional welding DVDs, which infringed on Plaintiff's copyright. Plaintiff provided the certificate of registration on the DVD in question as evidence that it is the owner of the copyright. *See* Bleile Dec., Ex. B, D. Plaintiff also provided a picture of the original DVD made by the Plaintiff and a picture of the counterfeited copy sold by the Defendant for comparison purposes. *See* Bleile Dec., Ex. A, K. Moreover, Defendant admitted that he has sold 16 copies of the DVD in question, and he did not challenge the validity of Plaintiff's ownership of the copyright. *See* Defendant's Opposition.

Accordingly, the court grants partial summary judgment in favor of the Plaintiff on its copyright infringement claim. A determination of damages is inappropriate at this point as the question of willfulness has yet to be determined.

*2.     Plaintiff has established trademark infringement*

As for trademark, Plaintiff may establish a prima facie case of trademark infringement by showing: 1) rightful ownership of the marks in suit; and 2) likelihood of confusion or mistake amongst the public from the Defendant's use of the marks. *See Sony Computer Entm't America, Inc. v. Gamemasters*, 87 F. Supp.2d 976, 984 (N.D. Cal. 1999).

1    Plaintiff claims that the Defendant wrongfully used, advertised, marketed, offered or
2 distributed marks, names, and/or imitation designs that are indistinguishable from Plaintiff's marks,
3 names and designs.  Plaintiff claims that Defendant's actions violated section 43(a) of the Lanham
4 Trademark Act, set forth at 15 U.S.C. §1125(a).  In support of its claim, Plaintiff provided a picture
5 of the original DVD made by the Plaintiff and a picture of the counterfeited copies sold by the
6 Defendant as comparison of the marks used on the DVDs.  Plaintiff also provided a picture of the
7 actual packaging of its DVD and showed that it was the same as the picture used by the Defendant
8 on his eBay auction posting.  *See* Bleile Dec., Ex. A, J.  Defendant has admitted that he has sold 16
9 copies of the DVD.  *See* Defendant's Opposition.   In addition, Defendant did not challenge the
10 rightful ownership of the marks in suit nor the likelihood of confusion or mistake amongst the public
11 from the Defendant's use of the marks.
12    Accordingly, the court grants partial summary judgment in favor of the Plaintiff on its
13 trademarks infringement claim.  A determination of damages is inappropriate at this point as the
14 question of willfulness has yet to be determined.
15    **3.   *There is a genuine issue for trial regarding willfulness***
16    In the copyright infringement context, "willful" means acting "with knowledge that [one's]
17 conduct constitutes copyright infringement." *See Columbia Pictures Television v. Krypton Broad. of*
18 *Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997), rev'd on other grounds by *Feltner v. Columbia*
19 *Pictures Television, Inc.*, 523 U.S. 340 (1998).  Alternatively, willfulness is shown where "the
20 defendant recklessly disregarded the possibility that its conduct represented infringement." *See*
21 *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2nd Cir. 2001).  Generally, a determination as
22 to willfulness requires an assessment of a party's state of mind, a factual issue that is not usually
23 susceptible to summary judgment. *See Sega Enter. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D.
24 Cal. 1996).  The determination of willfulness is ordinarily a question of fact for the jury. *See Hearst*
25 *Corp. v. Stark*, 639 F. Supp. 970, 980 (N.D. Cal. 1986).
26    Plaintiff bases its claim of Defendant's wilfulness on the undisputed fact that, after receiving
27 a Notice of Claim Infringement and suspension from the eBay VeRO program, Defendant continued
28 to sell the alleged infringing items subsequent to reinstatement.  However, Defendant stated that "I

1  did not knowingly sell pirated WMC DVDs and did in fact contact the Barrie City Police and
2  reported the sale of possible pirated DVDs at the stated Flea market." *See* Defendant's Opposition.
3  Defendant also claimed that he "did not receive any emails or contact from the Plaintiff other than a
4  VeRO complaint," which led him to "believe that it was nothing more than a malicious act from
5  someone wanting to control the subject market on eBay." *See* Defendant's Opposition.  Since
6  willful infringement is dependent on Defendant's state of mind, Defendant's proffer that he did not
7  knowingly commit the act in question raises a genuine issue for trial.

Accordingly, the court denies summary judgment on Plaintiff's willful infringement claim.

### 4. *Injunctive Relief*

Defendant agreed to Plaintiff's request for preliminary and permanent injunctive relief on his "Defence to Willful Copyright Infringement In Violation of 15 U.S.C. §§501, et. seq., False Designation of Original In Violation of 15 U.S.C. §§1125 et. seq., Constructive Trust and Accounting" filed on May 28, 2009.  Defendant did not dispute or oppose injunctive relief on his "Defense Against Motion from the Plaintiff To Strike The Defendant's Answer to Allegation" motion filed by the Defendant Gary Edwards on July 22, 2009.  Accordingly, the court grants partial summary judgment on Plaintiff's unopposed request for injunctive relief.

Defendant, his agents, representatives, servants, employees, attorneys, successors, and assigns, and all others in active concert or participation with Defendant, are hereby permanently enjoined and restrained from:

   a. imitating, copying or making any other infringing use or infringing distribution of the videos and/or materials protected by WMC's copyrights and/or trademarks;

   b. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any video, including VHS or DVD, item or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of video (including VHS or DVD), item or thing protected by WMC's copyrights and/or trademarks.

   c. using any simulation, reproduction, counterfeit, copy or colorable imitation of WMC's registered copyrights and/or trademarks, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion or display of any video (including VHS or DVD), item, and/or thing not authorized or licensed by WMC.

   d. using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any video (including VHS or DVD), item or thing has been

      manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for WMC, when such is not true in fact.

    e.    using reproductions, counterfeits, copies or colorable imitations of WMC's copyrighted and trademark protected software and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting or displaying of any merchandise not authorized or licensed by WMC;

    f.    using the names, logos, or other variations thereof, of any of WMC's copyright and/or trademark-protected videos (including VHS and DVD) in any of Defendant's trade or corporate names;

    g.    engaging in any other activity constituting an infringement of any of WMC's copyrights and/or trademarks or of WMC's rights in or right to use or exploit these copyrights and/or trademarks; and/or

    h.    assisting, aiding or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs a. through g., above.

### 5. *Attorneys' fees and costs*

An award of attorneys' fees and costs would be premature this point, as the court has only granted partial summary judgment.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion For Default Judgment is DENIED. Plaintiff's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART, as discussed above.

Dated: *8/12/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on   *8/17/09*   to:

Gary Edwards
Box 15
RR #1
Victoria Harbour, Ontario
Canada   L0K2A0

                                 */s/   Donna Kirchner                   for*
                                  CORINNE LEW
                                  Courtroom Deputy