UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WALL MOUNTAIN COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY EDWARDS, )<br>)<br>Defendant. )<br>_____ ) | Case No. C 08-2579 PVT<br><br>**ORDER Denying Plaintiff's Motion for Summary Judgment** |

Currently pending before the court is Plaintiff's second motion for summary judgment. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the moving, opposition, reply and supplemental filings, and the file herein,

IT IS HEREBY ORDERED that Plaintiff's motion for Summary Judgment is DENIED because there is a genuine issue of material fact as to whether Defendant's infringement of Plaintiff's copyrights was willful.

**I.    PROCEDURAL BACKGROUND**

Plaintiff first discovered Defendant's eBay auction postings of unauthorized copies of

Plaintiff's DVDs in or about January 2008. Plaintiff filed a VeRO claim[1] with eBay to stop further sales of the DVDs. EBay removed Defendant's listing and suspended his account. In response, Defendant submitted a Counter Notice Regarding Removed Listing, in which he denied Plaintiff's claims of copyright infringement. Defendant later sold the subject DVDs on eBay.

On May 21, 2008, Wall Mountain Company, Inc. brought this action against Gary Edwards for willful copyright infringement in violation of 17 U.S.C. §§501, *et seq.,* and false designation of origin in violation of 15 U.S.C. §§1125, *et seq.* Plaintiff alleges that Defendant repeatedly and willfully trafficked in counterfeit copies of Plaintiff's DVDs through eBay.

On August 17, 2009, this court issued an order granting in part and denying in part Plaintiff's first motion for summary judgment. The court held that, based on the undisputed facts, Plaintiff had established copyright and trademark infringement. However, the court found there was a genuine issue for trial regarding willfulness.

In the present motion, Plaintiff again seeks summary adjudication on the issue of willfulness.

## II. LEGAL STANDARD

Under Rule 56(c), the court shall grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED.R.CIV.P. 56(c). If the moving party meets its initial burden, then the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.PRO., Rule 56(e).

The court must draw all justifiable inferences in favor of the non-moving party. *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

It is the court's responsibility "to determine whether the 'specific facts' set forth by the non-

---

[1] EBay Verified Rights Owners (VeRO) program protects the copyright and trademark rights of intellectual property owners of items traded on eBay. The verified owner of a brand, trademark, copyright etc. can file a claim with eBay and request removal of a listing if it believes the item offered is a fake, illegal copy or any other type of unauthorized use of their intellectual property.

moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**III.   DISCUSSION**

In the copyright infringement context, "willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement." *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997), rev'd on other grounds by *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Alternatively, willfulness is shown where "the defendant recklessly disregarded the possibility that its conduct represented infringement." *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2nd Cir. 2001). A willfulness determination requires an assessment of a party's state of mind, which is a factual issue not readily susceptible to summary judgment. *See Sega Enter. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996); *see also See Hearst Corp. v. Stark*, 639 F. Supp. 970, 980 (N.D. Cal. 1986) (determination of willfulness is ordinarily a question of fact for the jury).

Plaintiff makes many arguments regarding why Defendant's conduct demonstrates that his infringement of Plaintiff's copyrights must have been willful. However, in his responses to Request for Admission No. 3, Defendant asserts it was not known that the Wall Mountain Products he sold or offered for sale were counterfeit.[2] And in his opposition brief, Defendant contends he did not intentionally infringe Plaintiff's copyright.[3] Among other things, Defendant argues that Plaintiff

---

[2]   Plaintiff refers to Defendant's responses to the requests for admission as "unverified." However, Rule 36 does not require requests for admission to be unverified. They need only be signed. Because Defendant e-filed his responses, they are deemed signed. *See* General Order 45, section X.

[3]   Although Defendant's opposition brief is not itself admissible evidence, under the present circumstances the court may consider the factual assertions therein regarding Defendant's state of mind at the time he sold and offered to sell the DVDs. Defendant is competent to testify to his own state of mind. Under Rule 11 of the Federal Rules of Civil Procedure, by filing his opposition brief Defendant is representing to the court that the factual contentions regarding his state of mind have evidentiary support and that the denials of Plaintiff's factual contentions regarding his state of mind are warranted on the evidence. In other words, his brief is, in effect, an "offer of proof" which the court may consider

failed to take advantage of an eBay procedure that would have precluded Defendant from selling the remaining Wall Mountain DVDs he had. He further argues that Plaintiff's failure to take advantage of that procedure suggested that Plaintiff's accusation of infringement was actually false. Defendant also emphasizes the fact that, after Defendant challenged the VeRO, eBay gave him permission to resume sales of the DVDs and that he only sold the DVDs in the eBay re-list notice, the inference being that Defendant believed it was legal to sell those DVDs.

Plaintiff points to many inconsistencies in Defendant's representations. Although Plaintiff makes a strong case that Defendant knew he was violating Plaintiff's copyrights, it is not for the court on a motion for summary judgment to weigh the evidence or make credibility determinations. *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict").

While the evidence suggests it is likely Defendant sold at least some of the DVDs at a time he knew he was violating Plaintiff's copyright (or recklessly disregarded that possibility), it is not an undisputed fact. A reasonable jury might find Defendant credible, and further find that he actually believed he was not violating any enforceable copyrights at the time he sold and offered to sell the subject DVDs.

Defendant's response to Plaintiff's motion for summary judgment may be technically deficient. However, it has long been the law that decisions on the merits are *not* to be avoided on the basis of "mere technicalities." *See, Foman v. Davis*, 371 U.S. 178, 181 (1962). And in evaluating compliance with the technical rules of civil procedure, the Ninth Circuit treats *pro se* litigants with great leniency. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Viewed in light of these policies, Defendant's opposition papers are sufficient to defeat Plaintiff's motion for summary judgment.

---

on a motion for summary judgment. *See, e.g., Jack Rowe Associates, Inc. v. Fisher Corp.*, 833 F.2d 177, 182 (9th Cir. 1987) (in summary judgment context, court noted that an "allegation was unsupported by affidavit, documentary evidence *or offer of proof*" (emphasis added)). Moreover, Rule 56 not only allows the court to base its decision on affidavits, but also on "pleadings" and "the discovery and disclosure materials on file." *See* FED.R.CIV.P. 56(c).

### IV.     CONCLUSION

Plaintiff makes a strong case for a finding of willfulness, and a jury may well find that Defendant acted willfully. However, drawing all justifiable inferences in favor of Defendant, as the court must on a motion for summary judgment, it is also possible that a reasonable jury could find that Defendant actually believed he was not infringing Plaintiff's copyrights at the time he sold the DVDs. Because a reasonable jury could find in favor of Defendant on the issue of willfulness, summary judgment is precluded.

Dated: *5/10/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge