UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WALL MOUNTAIN COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY EDWARDS, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. C 08-2579 PVT <br><br> **ORDER TO SHOW CAUSE** W**HY THE** C**OURT** S**HOULD** N**OT** R**ECONSIDER,** **AND** G**RANT,** P**LAINTIFF**'**S** M**OTION FOR** S**UMMARY** J**UDGEMENT** <br><br> **ORDER** C**ONTINUING** P**RETRIAL** C**ONFERENCE** |

    Federal Rules of Civil Procedure 26(a)(3) sets a deadline of 30 days before trial for each party to file certain disclosures, including the identity of trial witnesses and documents to be submitted at trial. Trial in this matter is currently scheduled to commence on July 19, 2010. Thus, pursuant to Rule 26(a)(3), the parties pretrial disclosures were due June 21, 2010. (Because June 19, 2010 was a Saturday, the deadline fell on the next court day.) This deadline was confirmed by the court at the Further Case Management Conference held on May 25, 2010, and documented in the minute order as well (setting June 21, 2010 as the deadline for filing a pretrial statement, which pursuant to this court's standing order would include the required disclosures).

    Defendant failed to timely file any pretrial statement. Because Defendant has failed to timely identify any witnesses, documents, deposition excerpts or other discovery responses that he intends to introduce at trial, he is precluded from putting on *any* such evidence unless he can show his failure to file the require disclosures was either substantially justified or harmless. *See*, F**ED**.R.C**IV**.P**RO**.

37(c)(1).[1]  This is "a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material.'" *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  No showing of bad faith or willfulness is required.  *Ibid*.  And no showing of prejudice to the opposing party is required.  *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).  "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded."  *See Yeti by Molly*, 259 F.3d at 1106.  Therefore, based on Defendant's failure to file the required pretrial disclosures, and the file herein,

IT IS HEREBY ORDERED that, no later than July 6, 2010, Defendant shall file a declaration showing cause, if any, why the court should not *sua sponte* reconsider, and grant, Plaintiff's motion for summary judgment.  Unless Defendant can show that his failure to file the disclosures was either substantially justified or harmless, Rule 37(c)(1) *mandates* that Defendant be precluded from introducing any testimony or other evidence at trial.  If Defendant is barred from introducing evidence at trial, then reconsideration of Plaintiff's motion for summary judgment is warranted.[2]

"Courts have inherent power to modify their interlocutory orders before entering a final judgment."  *See Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989); *see also,* FED.R.CIV.PRO. 54(b).  The court previously denied Plaintiff's motion for summary judgment based on Defendant's opposition brief, which the court deemed to be an "offer of proof."  In denying summary judgment, the court stated that:

> "While the evidence suggests it is likely Defendant sold at least some of the DVDs at a time he knew he was violating Plaintiff's copyright (or recklessly disregarded that possibility), it is not an undisputed fact.  A reasonable jury might find Defendant credible, and further find that he actually believed he was not violating any enforceable copyrights at the time he sold and offered to sell the subject DVDs."  *See* Order Denying Plaintiff's Motion for Summary Judgment (at docket no. 84 herein).

---

[1] Rule 37(c)(1) provides:

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

[2] If Defendant is precluded from introducing any testimony or other evidence at trial, in light of the strong showing of willful infringement Plaintiff made in its motion for summary judgment it appears that impaneling a jury and convening a trial will entail an unnecessary expense of public funds to achieve an inevitable result.

Unless Defendant can overcome the automatic sanctions of Rule 37(c)(1), the possibility of a jury finding Defendant credible and that he believed he was not violating Plaintiff's copyrights is removed because Defendant will be precluded from testifying or introducing any evidence.  Under such circumstances, summary judgment in Plaintiff's favor is warranted because, based on the evidence that will be allowed at trial, the facts are not such "that a rational or reasonable jury might return a verdict in [Defendant's] favor."  *See T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630-31 (9th Cir. 1987).

IT IS FURTHER ORDERED that the pretrial conference is CONTINUED to 2:00 p.m. on July 13, 2010.

Dated: *6/28/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge