|  |  |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| WALL MOUNTAIN COMPANY, INC., | ) | Case No. C 08-2579 PVT |
| | ) | |
| Plaintiff, | ) | **ORDER VACATING PRETRIAL CONFERENCE AND TRIAL; FINDING DEFENDANT HAS NOT SHOWN HIS FAILURE TO FILE PRETRIAL STATEMENT WAS NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS; AND RECONSIDERING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT** |
| v. | ) | |
| GARY EDWARDS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 28, 2010, this court issued an Order to Show Cause Why the Court Should Not Reconsider, and Grant, Plaintiffs Motion for Summary Judgment, and Order Continuing Pretrial Conference. Both parties have filed responses to the Order to Show Cause. Based on the parties' responses, and the file herein,

IT IS HEREBY ORDERED that the Pretrial Conference and Trial are VACATED.

IT IS FURTHER ORDERED that the court finds that Defendant has *not* shown that his failure to timely file a Pretrial Conference Statement disclosing trial witnesses and exhibits was either substantially justified or harmless, and thus Defendant will be precluded from offering at trial

any witness testimony or documentary evidence.[1]  *See*, FED.R.CIV.PRO. 37(c)(1).

Defendant's excuse for failing to file the required Pretrial Conference Statement, that he was "confused" and thought it unnecessary because he believed everything he had previously submitted to the court was sufficient, is unpersuasive and does not constitute "substantial justification."

The Advisory Committee Notes to 1993 Amendments (including Rule 37(c)(1)), note that:

> "Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. *In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party*." (Emphasis added.)

Here, the requirement for filing a pretrial conference statement with the required disclosures was brought to Defendant's attention by both the court and Plaintiff's counsel. At the trial setting conference on May 25, 2010, after the court set the dates for the trial and the pretrial conference, Plaintiff's counsel specifically asked about filing pretrial submissions. The court expressly stated it wanted them filed by June 21, 2010. The minute order for that hearing, electronically filed herein on May 25, 2010,[2] states "Pre-Trial Statements Due 6/21/10." On June 8, 2010, Plaintiff's counsel sent an email to Defendant in which she noted that "There are several pre-trial deadlines approaching, one of which is a pre-trial statement that the parties must file on Tuesday, 6/15.

---

[1] To the extent this ruling may be seen as a terminating sanction, such sanctions are warranted. This is not the first time Defendant has failed to comply with this court's orders. For example, on March 26, 2009, this court issued an order that, among other things, scheduled a Case Management Conference for 2:00 p.m. on April 28, 2009 and ordered Defendant to file, no later than April 14, 2009, a signed copy of his answer that complies with Rule 11(a) of the Federal Rules of Civil Procedure. The court expressly cautioned Defendant that "FAILURE TO FILE A CORRECTED SIGNED ANSWER WITH HIS CURRENT CONTACT INFORMATION MAY RESULT IN HIS ANSWER BEING STRICKEN FROM THE COURT FILE, AND DEFAULT JUDGMENT BEING ENTERED AGAINST HIM." Defendant failed to file a signed copy of his answer containing his mailing address by April 14, 2009, and also failed to appear for the scheduled Case Management Conference on April 28, 2009. This court issued an order to show cause requiring Defendant to file, no later May 22, 2009, a declaration showing cause, if any, why his answer should not be stricken and a default judgment entered against him. Defendant failed to file a declaration by that deadline, (although he did file a declaration four days later claiming a misunderstanding). Since Plaintiff first attempted to serve Defendant with the complaint, it has been Defendant's practice to avoid participating in this litigation until threatened with a default judgment.

[2] Defendant had previously signed up for electronic filing, and received notice of this filing through the court's electronic filing system.

Attached is the court's standing order, which specifies the content for the joint statement, as well as other pre-trial requirements."[3] The court's standing order that Plaintiff's counsel sent to Defendant provides that the pretrial statement must include, among other things:

> **e.   Deposition Excerpts and Discovery Responses.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal.
>
> **f.   Witnesses to be Called**. Pursuant to Fed.R.Civ.P. 26(a)(3), a list of the name of each witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses whom the party expects to call and those witnesses whom the party may call if the need arises.
>
> **g.   Exhibits, Schedules and Summaries.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must meet and confer on a division of exhibit numbers which will avoid duplication of numbering. If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial. **Any disputes regarding the authenticity and/or admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference, or the objections will be deemed waived.**

Defendant's excuse that he thought his evidence consisted of everything he had already disclosed in this case ignores the requirements of the court's standing order.[4] The prior disclosure of documents does not meet the pretrial disclosure requirements of Rule 26(a)(1)(A). A party is not required to guess which documents, witnesses and discovery responses an opposing party actually plans to offer into evidence at trial. Moreover, the prior "disclosures" do not comply with this court's standing order requiring the parties to meet and confer regarding the admissibility of exhibits. Nowhere does Defendant explain why he ignored the requirements of the standing order, despite Plaintiff's counsel expressly drawing it to his attention on June 8, 2010. Defendant's failure was not "harmless" because it impeded the orderly progress of the pretrial conference and trial

---

[3] *See*, Exhibit A to the Declaration of Kjirstin Graham in Support of Plaintiff Wall Mountain Company's Reply to Defendant Gary Edwards' Response re Order to Show Cause."

[4] Moreover, Defendant has never specifically identified the key piece of evidence that was the basis for this court's denial of Plaintiff's motion for summary judgment regarding willfulness – the eBay policy that Plaintiff allegedly failed to follow which purportedly would have precluded Defendant from re-listing the subject DVDs,  Even in his latest filing he makes only vague reference to such an eBay proceedure. Thus, Defendant's claim that he had already disclosed all of his evidence is patently false.

1  proceedings.

2      The lack of any substantial justification for Defendant's failure to timely file his pretrial
3  submissions is further highlighted by his attempt to offer the "F2 Tornado" which occurred on June
4  23, 2010, as justification for failing to file pretrial submissions that were due June 21, 2010. (See
5  Docket No. 102 at 1:20-22). If Defendant had a legitimate justification for failing to file his pretrial
6  submissions, he would not need to blame his failure on a tornado that occurred two days *after* the
7  pretrial submissions were due.[5]

8      IT IS FURTHER ORDERED that the court hereby, *sua sponte*, will reconsider Plaintiff's
9  second motion for summary judgment. The court will issue an order shortly based solely on the
10 evidence submitted by Plaintiff in support of its second motion for summary judgment.

11 Dated: July 26, 2010

12                                 */s/ Patricia V. Trumbull*
13                               PATRICIA V. TRUMBULL
                              United States Magistrate Judge

---

[5] The court will take judicial notice of the fact that the F2 tornado that hit Midland, Ontario occurred on June 23, 2010. *See*, http://www.lucknowsentinel.com/ArticleDisplay.aspx?e=2646619 If either party wishes to object to the court taking such judicial notice, he must file his objection, along with proof that the tornado did not occur on that day, no later than August 3, 2010.