|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WALL MOUNTAIN COMPANY, INC.,  )     Case No. C 08-2579 PVT
                              )
         Plaintiff,           )     **ORDER R**ECONSIDERING AND **G**RANTING
                              )     **P**LAINTIFF'S **S**ECOND **M**OTION FOR
    v.                        )     **S**UMMARY **J**UDGMENT
                              )
GARY EDWARDS,                 )
                              )
         Defendant.           )
_____)

On July 26, 2010, this court issued an order finding that Defendant had not shown that his failure to timely file a Pretrial Conference Statement disclosing trial witnesses and exhibits was either substantially justified or harmless, and that thus Defendant would be precluded from offering at trial any witness testimony or documentary evidence. *See*, FED.R.CIV.PRO. 37(c)(1). The court further ordered, *sua sponte*, that it would reconsider Plaintiff's second motion for summary judgment. Based evidentiary showing submitted by Plaintiff (and disregarding Defendant's submissions in light of the fact he is now precluded from introducing any evidence at trial),

IT IS HEREBY ORDERED that Plaintiff's motion for Summary Judgment is GRANTED because there is no genuine issue of material fact as to whether Defendant's infringement of Plaintiff's copyrights was willful, and thus Plaintiff is entitled to judgment of willfulness as a matter of law.

ORDER, *page 1*

**I.   PROCEDURAL BACKGROUND**

Plaintiff first discovered Defendant's eBay auction postings of unauthorized copies of Plaintiff's DVDs in or about January 2008. Plaintiff filed a VeRO claim[1] with eBay to stop further sales of the DVDs. EBay removed Defendant's listing and suspended his account. In response, Defendant submitted a Counter Notice Regarding Removed Listing, in which he denied Plaintiff's claims of copyright infringement. Defendant later sold the subject DVDs on eBay.

On May 21, 2008, Wall Mountain Company, Inc. brought this action against Gary Edwards for willful copyright infringement in violation of 17 U.S.C. §§501, *et seq.,* and false designation of origin in violation of 15 U.S.C. §§1125, *et seq.* Plaintiff alleges that Defendant repeatedly and willfully trafficked in counterfeit copies of Plaintiff's DVDs through eBay.

On August 17, 2009, this court issued an order granting in part and denying in part Plaintiff's first motion for summary judgment. The court held that, based on the undisputed facts, Plaintiff had established copyright and trademark infringement. However, the court found there was a genuine issue for trial regarding willfulness.

In the present motion, Plaintiff again seeks summary adjudication on the issue of willfulness.

**II.   LEGAL STANDARD**

Under Rule 56(c), the court shall grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED.R.CIV.P. 56(c). If the moving party meets its initial burden, then the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.PRO., Rule 56(e).

The court must draw all justifiable inferences in favor of the non-moving party. *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *See Matsushita Elec.*

---

[1]   EBay Verified Rights Owners (VeRO) program protects the copyright and trademark rights of intellectual property owners of items traded on eBay. The verified owner of a brand, trademark, copyright etc. can file a claim with eBay and request removal of a listing if it believes the item offered is a fake, illegal copy or any other type of unauthorized use of their intellectual property.

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

It is the court's responsibility "to determine whether the 'specific facts' set forth by the non-moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### III.   DISCUSSION

In the copyright infringement context, "willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement." *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997), rev'd on other grounds by *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Alternatively, willfulness is shown where "the defendant recklessly disregarded the possibility that its conduct represented infringement." *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2nd Cir. 2001). A willfulness determination requires an assessment of a party's state of mind, which is a factual issue not readily susceptible to summary judgment. *See Sega Enter. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996); *see also See Hearst Corp. v. Stark*, 639 F. Supp. 970, 980 (N.D. Cal. 1986) (determination of willfulness is ordinarily a question of fact for the jury).

The evidence submitted by Plaintiff shows that Defendant sold at least some of the DVDs at issue herein after being notified of Plaintiff's copyright claims by the VeRO Plaintiff submitted to eBay that caused eBay to remove Defendant's listings of the DVDs. There is no admissible evidence in the record that Defendant took any steps thereafter to ascertain whether or not his sales of the DVDs violated Plaintiff's copyrights. Despite having been notified of Plaintiff's copyright claims, and despite having taken no steps to ascertain whether his sales of the DVDs violated Plaintiff's copyrights, Defendant resumed sales of the DVDs. At a minimum, this constituted recklessly disregard for the possibility that his sales of the DVDs violated Plaintiff's copyrights.

## IV. CONCLUSION

Based on this court's order of July 26, 2010, Defendant would be precluded from introducing any evidence at trial. Thus, the facts and supporting evidence set forth in Defendant's second motion for summary judgment are now effectively undisputed. Because there is no longer any genuine issue of material fact as to whether Defendant's infringement of Plaintiff's copyrights was willful, Plaintiff is entitled to judgment of willfulness as a matter of law. For the reasons discussed in Plaintiff's moving papers, the court finds statutory damages in the amount of $25,000 for each of the two copyrighted DVDs at issue is warranted, for a total of $50,000.00 in damages. *See* 17 U.S.C. § 504(c) (providing for a maximum of $150,000 for each willful infringement).

Dated: *Nov. 30, 2010*

PATRICIA V. TRUMBULL
United States Magistrate Judge